BOUTALL, Judge.
Floyd Stewart was charged by bill of information with three counts of aggravated arson, R.S. 14:51 and one count of simple arson, R.S. 14:52. He pled not guilty and not guilty by reason of insanity, which plea was accepted by the district attorney and the court. Following commit *1325 ment to Feliciana Forensic Facility in Jackson, Louisiana, defendant sought a writ of habeas corpus, seeking either discharge or release on probation. The writ was denied and this appeal followed.
Appellant assigns the following two errors for our review:
1. Whether the trial court erred in refusing to order appellant’s discharge or release on probation from Felicia-na Forensic Facility (“the facility”) and
2. Whether the trial court erred in basing its judgment on evidence not introduced into the record.
We affirm.
Floyd Stewart was arrested following a series of fires occurring over a period of time in St. James Parish. Notably, one of the fires for which he was charged was set in the apartment in which he lived with his mother, Eva Stewart, while she was sleeping. Ms. Stewart was not harmed. Following his arrest but prior to trial, Stewart’s counsel moved the court for a stay of proceedings pending the results of two psychiatric evaluations. The court granted the stay and the two evaluations were made and filed into the record. Shortly thereafter, Stewart entered his plea and was committed to the facility on April 5, 1982. The psychiatrist’s reports and evaluations have been submitted to the trial court which committed Stewart and they now form part of the instant record.
Shortly after admittance, Stewart was diagnosed as having a number of problems: Poor impulse control, anti-social personality (which cannot be cured), epileptic seizures which must be treated with medication, a lack of insight into personal problems as well as refusal to accept responsibility for wrongful actions, homosexuality, borderline intelligence, and a history of drug and alcohol abuse. It was noted by one of the treating physicians that alcohol combined with certain frustrating events related to defendant’s homosexuality seemed to result in Stewart setting the fires.
Over one year following defendant’s commitment, he petitioned for and was allowed twelve-hour passes restricted to East and West Feliciana Parishes; these passes were later modified to weekend passes and visitation privileges in St. James Parish. The State did not oppose the granting of these passes; however, the State now opposes the relief appellant seeks herein.
ASSIGNMENT OF ERROR NO. 1
Appellant contends the trial court erred in denying his writ of habeas corpus in which he sought a release or discharge from the facility. He claims his mental condition has progressed to the point where he is no longer a danger to himself or others, and thus he is being held at the facility contrary to the established law in this state. We disagree for the reasons set forth below.
La.C.Cr.P. art. 655 B provides that a defendant committed pursuant to La.C. Cr.P. art. 654 may apply to the court for a release or discharge and that upon application, “the Superintendent of the mental institution where the person was committed [shall] make a report and recommendation ... as to whether the person can be discharged or can be released on probation, without danger to others or to himself.” Art. 657 states that after considering these reports, the court may either continue commitment or conduct a contradictory hearing “... to determine whether the committed person can be discharged, or can be released on probation, without danger to others or to himself. -At the hearing the burden shall be upon the committed person to prove that he can be discharged, or can be released on probation, without danger to others or to himself.”
Pursuant to defendant’s writ of habeas corpus, a contradictory hearing was conducted in accordance with La.C.Cr.P. art. 657. Following this hearing, the trial judge ordered the defendant recommitted and gave detailed reasons for his actions:
Code of Criminal Procedure Article 657 places the burden upon the committed person to prove that he can be discharged, or can be released on probation, without danger to himself or others. Ac *1326 cording to the criteria set forth in Jackson v. Foti, continued commitment is justified only if dangerousness to self or others is a result of mental illness or defect.
The court finds that the defendant has failed to carry his burden of proving that he can be discharged or released on probation without danger to himself or others.
Although Dr. Pennington, who was called on to testify on behalf of defendant, recommended probation, the court finds that the release of this defendant would present a danger to others as well as himself. Floyd Stewart is a 25 year old who has suffered from seizures since birth and was accused of five counts of arson, the type of crime, which by nature is a crime which presents extreme potential danger to life and property to others as well as himself. The defendant has recently been released on passes and on one occasion was involved in an incident which leads the court to believe that he may have difficulty coping with the pressures of interacting with other people. This incident was not reported to the institution, probably for fear that it would result in his passes being curtailed or limited. The testimony further shows that the defendant has a low tolerance level which makes the court apprehensive that his conduct could explode were he confronted with some stressful confrontation. The court also notes that, although the Superintendent of the Feli-ciana Forensic Facility made a report to the court in accordance with Code of Criminal Procedure Article 655(A), the report does not specifically recommend release.

We agree with the trial judge that the defendant failed to carry his burden of proof under La.C.Cr.P. art. 657. Although the evidence shows considerable improvement in defendant’s mental condition since commitment, we are of the opinion he has not reached the point of being cured. Moreover, this progress is probably attributable to the fact defendant was being treated with chemotherapy[1] and various medications, prior to the hearing.
There are several factors which lead us to believe the trial judge was correct in not ordering the discharge or release of defendant. First is the fact defendant was not quite cured of his mental problems and that these problems are directly connected to his dangerousness. Included in this factor is the number and complexity of the problems defendant exhibited when he was committed, as described earlier in this opinion. Also of concern is one of the treating psychiatrist’s statements in a progress report that in her opinion, pyromaniacs are recidivist.[2] Another persuasive factor, as noted by the trial judge, is that the Superintendent of the facility did not specifically recommend Stewart’s release in the report he made to the court in accordance with La.C.Cr.P. art. 655. Finally, we cannot overlook the serious nature of the crimes committed by defendant. He was accused of setting several fires, one of which involved the apartment where he lived with his mother.
Defendant would like this court to consider only the testimony of Dr. Pennington in reaching its decision. To do this, however, would be contrary to the entirety of the evidence in the record. Our review of the record convinces us the trial judge did not err in rejecting the recommendation of Dr. Pennington and basing its decision on the other evidence present in the' record. Such was the case in State v. Rambin, 427 So.2d 1248 (La.App. 2nd Cir.1983), writ den. 433 So.2d 153 (La.1983). In Rambin, the Second Circuit held the trial court did not *1327 err in rejecting the recommendations of the psychiatrists who testified at the contradictory hearing, and in finding based on other evidence in the record that defendant presented a danger to himself and others and could not safely be discharged or released on probation.
Accordingly, we hold the trial judge did not err in finding defendant failed to meet his burden of proof under La.C.Cr.P. art. 657, and that defendant presented a danger to himself or others if discharged or released on probation.
This assignment lacks merit.
ASSIGNMENT OF ERROR NO. 2
Appellant next contends the trial judge erred in basing his decision on evidence which was not a part of the record. We disagree.
Specifically, the evidence appellant refers to is a pill swallowing incident where, after encountering a group of boys who hit and teased him, appellant became so upset he swallowed a larger than normal dose of his medication. This was not reported to the facility or Dr. Pennington, for fear it would reflect poorly on Stewart’s progress. This is the incident referred to in the trial judge’s reasons for judgment. It occurred approximately one and one-half months before the contradictory hearing. The record shows that at the hearing the testimony was properly elicited from Eva Stewart during cross-examination and the trial judge was certainly within his bounds to consider it in rendering judgment. The appellant appears to argue the trial judge’s conclusion in his judgment that appellant has “a low tolerance level” was based solely upon this testimony. We cannot agree because of the abundance of evidence which supports the trial judge’s conclusion on this point.
Accordingly, because the testimony was properly elicited and made a part of the record, we find this assignment lacks merit. The decision below is affirmed.
AFFIRMED.

. See letter of June 26, 1984 written by the chief executive officer of the facility to Judge Becnel, wherein he states: "Since his commitment, Mr. Stewart's mental condition has stabilized with chemotherapy". The letter then describes the medication the defendant was taking.

. Supplemental record, progress notes dated April 22, 1983 signed by Dr. Aris W. Cox, Psychiatrist, wherein it states: “I feel that I cannot recommend this man be probated because of the acts which he committed and the tendency of pyromaniacs to repeat their behavior".